# STATE OF MICHIGAN

# COURT OF APPEALS

DONALD GRIMMER, as Personal Representative
of the Estate of MELODY GRIMMER, Deceased,

　　　　　Plaintiff-Appellant,

v

DANIEL T. LEE, M.D., STEPHEN J.
MATTICHAK, M.D., BAY REGIONAL
MEDICAL CENTER, BAY REGIONAL HEART
AND VASCULAR, and MICHIGAN
CARDIOVASCULAR INSTITUTE, Jointly and
Severally,

　　　　　Defendant-Appellees,

and

ANTONIO VASQUEZ, M.D., ANTONIO
VASQUEZ, M.D., P.C., and BAY CITY
VASCULAR,

　　　　　Defendants.

FOR PUBLICATION
March 26, 2015
9:05 a.m.

No.　318046
Bay Circuit Court
LC No.　13-003094-NH

Before:　SHAPIRO, P.J., and GLEICHER and RONAYNE KRAUSE, JJ.

PER CURIAM.

　　　Plaintiff Donald Grimmer brought a medical malpractice action against a handful of defendants including two cardiologists (defendants Daniel T. Lee, M.D. and Stephen J. Mattichak, M.D.) and a vascular surgeon (defendant Antonio Vasquez, M.D.). The cardiology defendants and their principals sought summary disposition based on Grimmer's failure to file an affidavit of merit signed by a cardiologist. Before hearing that motion, the circuit court dismissed Dr. Vasquez and his professional corporation without prejudice for want of service.

　　　Grimmer's complaint alleged that two defendants, Bay Regional Medical Center (BRMC) and Bay Regional Heart and Vascular (BRHV), bore vicarious liability for Dr. Vasquez's negligence. Neither defendant filed a motion seeking summary disposition of the

-1-

vicarious liability claims. Nevertheless, the circuit court dismissed the vicarious liability allegations with prejudice. This was error, and we reverse and remand for further proceedings.

## I. BACKGROUND FACTS AND PROCEEDINGS

Melody Grimmer died one day after undergoing a cardiac catheterization performed by Dr. Mattichak. An autopsy concluded that a retroperitoneal hematoma containing 3,000 grams of unclotted blood triggered a fatal cardiopulmonary arrest. According to the complaint, defendant Vasquez had examined Melody after the catheterization, recognized the presence of the hematoma, but declined to operate. The complaint and an accompanying affidavit of merit charge that Dr. Vasquez's failure to intercede constitutes professional negligence.

The complaint also sets forth malpractice claims against Dr. Mattichak and another cardiologist, Dr. Daniel Lee. However, Grimmer never filed an affidavit of merit attesting to the cardiologists' negligence. They filed a summary disposition motion on that ground, invoking MCL 600.2912d(1) and MCL 600.2169(1)(a). Counsel for the BRMC and the professional corporations employing Drs. Lee and Mattichak joined in the motion.[1] Notably, none of the summary disposition motions or accompanying briefs mentioned Dr. Vasquez, and none sought summary disposition regarding the complaint's averments of Dr. Vasquez's direct liability or the vicarious liability flowing from his conduct.

After the cardiologists' summary disposition motion was filed but before it was heard, the circuit court entered an order dismissing Dr. Vasquez and his professional corporation without prejudice, noting that these two defendants had not been served with process.

During the summary disposition hearing, the circuit court read aloud an e-mail written by Grimmer's counsel and provided by the attorney for the cardiologists, BRMC and BRHV. The email stated: "I am writing to advise you that I will not be appearing at [the] motion today. We will not oppose your motion for summary disposition as to the cardiologists but we cannot stipulate." Defendants' counsel then reminded the court that Dr. Vasquez and his professional corporation had been dismissed for failure to serve, continuing:

> In view of that, your Honor, I have prepared an order that dismisses Dr. Lee, Dr. Mattichak, and [BRMC], with prejudice, because the only claims against [BRMC] is [sic] vicarious for the acts of Dr. Lee and Dr. Mattichak, as well as Dr. Vasquez. If Dr. Vasquez is not a party to this lawsuit, we can't be vicariously liable for him. And, therefore, the order I have prepared would be a permanent dismissal for Dr. Lee, Dr. Mattichak, and [BRMC].

The court entered an order providing in relevant part:

---

[1] BRMC, BRHV, and defendant Michigan Cardiovascular Institute all sought summary disposition of claims alleging vicarious liability for the negligence of Drs. Lee and Mattichak.

> It is hereby ordered that Defendants [BRMC]; [BRHV]; Dr. Daniel Lee and Dr. Stephen Mattichak's Motion for Summary Disposition is GRANTED and all claims against Dr. Daniel Lee and Dr. Stephen Mattichak and any claims of vicarious liability against [BRHV] and [BRMC] related to Dr. Daniel Lee, Dr. Stephen Mattichak and Dr. Antonio Vasquez, M.D., are dismissed with prejudice.

Grimmer now appeals as of right from the portion of this order granting summary disposition of Grimmer's vicarious liability claims against BRMC and BRHV premised on Dr. Vasquez's negligence.

## II. ANALYSIS

The circuit court should not have summarily dismissed the vicarious liability claims stemming from Dr. Vasquez's negligence for two reasons. First, none of the defendants filed a motion seeking summary disposition of the Vasquez-related allegations. Second, had such a motion been filed, it would have been unsuccessful.

Defendants sought summary disposition under MCR 2.116(C)(7) and (C)(8). A motion brought under either of these subrules "must specify the grounds on which it is based[.]" MCR 2.116(C). Defendants' summary disposition motions and briefs made no mention whatsoever of the vicarious liability claims pleaded in Grimmer's complaint flowing from Dr. Vasquez's actions and inactions. Nowhere in the summary disposition pleadings did defendants "specify" that summary disposition was sought regarding the claims related to Dr. Vasquez. Although the court rules afford a circuit court the authority to grant summary disposition based on the pleadings, "the trial court may not do so in contravention of a party's due process rights." *Al-Maliki v LaGrant*, 286 Mich App 483, 489; 781 NW2d 853 (2009).

Grimmer's counsel had no notice that the circuit court intended to consider the dismissal of the indirect liability claims raised in relation to Dr. Vasquez, and no reason to anticipate that defense counsel and the court would sua sponte enlarge the pending summary disposition motion to incorporate a legal issue never before mentioned. In summarily dismissing the defendants who allegedly bore vicarious liability for Dr. Vasquez's negligent acts, the circuit court bypassed the basic due process requirements of notice and an opportunity to be heard. For this reason, we must reverse the circuit court.

Further, we respectfully reject defense counsel's contention, made during oral argument in this Court, that Grimmer should be penalized for his counsel's failure to personally attend the motion hearing. Counsel cannot be faulted for deferring a personal appearance after having clearly communicated that she had no objection to the specific relief sought in the motions actually filed. Alternatively stated, Grimmer's attorney was entitled to rely on the good faith of her opposing counsel.

Summary disposition of the vicarious liability claims involving Dr. Vasquez was improper for a second reason as well. Defense counsel's declaration that "[i]f Dr. Vasquez is not a party to this lawsuit, we can't be vicariously liable for him" is fundamentally incorrect.

In a medical malpractice case, "[a] hospital may be 1) directly liable for malpractice, through claims of negligence in supervision of staff physicians as well as selection and retention of medical staff, or 2) vicariously liable for the negligence of its agents." *Cox v Flint Bd of Hosp Managers*, 467 Mich 1, 11; 651 NW2d 356 (2002). This Court explained in *Nippa v Botsford Gen Hosp*, 257 Mich App 387, 392; 668 NW2d 628 (2003), that "the law creates a practical identity between a principal and an agent, and, by a legal fiction, the hospital is held to have done what its agents have done." In *Cox* and *Nippa*, the defendant hospitals were charged with the vicarious liability of nurses or physicians who were not named as individual defendants. In *Al-Shimmari v Detroit Med Ctr*, 477 Mich 280, 294-295; 731 NW2d 29 (2007), the Supreme Court elucidated, "Nothing in the nature of vicarious liability . . . requires that a judgment be rendered against the negligent agent. Rather, to succeed on a vicarious liability claim, a plaintiff need only prove that an agent has acted negligently." As these cases demonstrate, a plaintiff need not necessarily name the agent as a defendant when suing the principal. Alternatively stated, a plaintiff may elect to sue the principal alone, or to sue the principal and the agent together.

Grimmer sued the two together. His complaint alleges that Dr. Vasquez acted as an agent of BRMC and BRHV. Apparently, the circuit court believed that because it had dismissed Dr. Vasquez from the litigation without prejudice, BRMC and BRHV could not be held legally responsible for Dr. Vasquez's negligence. In their appellate brief, defendants argue that due to the dismissal, Grimmer's direct liability claim against Dr. Vasquez is no longer "viable," thereby extinguishing defendants' vicarious liability.

When a litigant chooses to proceed against an agent "and has been defeated, he is thereby barred from litigating the same cause of action against the principal. It follows that a determination of the issue in a suit brought against the principal bars an action against the agents." *De Polo v Greig*, 338 Mich 703, 709-710; 62 NW2d 441 (1954) (citations omitted). A dismissal *with* prejudice amounts to an adjudication on the merits and bars a further action based on the same facts. But a dismissal without prejudice is not a dismissal on the merits. *Yeo v State Farm Fire & Cas Ins Co*, 242 Mich App 483, 484; 618 NW2d 916 (2000). Our Supreme Court has described that the term "without prejudice" signifies "a right or privilege to take further legal proceedings on the same subject, and show that the dismissal is not intended to be *res adjudicata* of the merits." *McIntyre v McIntyre,* 205 Mich 496, 499; 171 NW 393 (1919) (quotation marks and citation omitted); "A dismissal of a suit without prejudice is no decision of the controversy on its merits, and leaves the whole subject of litigation as much open to another suit as if no suit had ever been brought." *Id.* (quotation marks and citation omitted).

The Supreme Court's opinion in *Al-Shimmari*, erects no barrier to reinstating this case. In that case, the circuit court granted the physician-agent's motion for summary disposition *with* prejudice.[2] The Supreme Court highlighted that "the trial court stated in its order that the

---

[2] Like this case, the dismissal at issue in *Al-Shimmari* arose from a failure to serve process on a defendant physician. But unlike this case, the parties in *Al-Shimmari* contested in an evidentiary hearing whether service of process had been timely made. *Al-Shimmari*, 477 Mich at 286.

dismissal was 'with prejudice.'" *Al-Shimmari*, 477 Mich at 295. "Therefore," the Court continued, "under MCR 2.504(B)(3), the dismissal of the claims against [the physician] 'operates as an adjudication on the merits.'" *Id.*

> Because the remaining defendants may only be vicariously liable on the basis of the imputed negligence of [plaintiff's physician], plaintiff must demonstrate that [his physician] was negligent in order for the remaining defendants to be found vicariously liable. However, the dismissal of the claims against [the physician] operates as an adjudication on the merits of the claims against [him]. Plaintiff consequently is unable to show that the remaining defendants are vicariously liable for the acts of [the physician], because the dismissal of the claims against [the physician] prevents plaintiff from arguing the merits of the negligence claim against [him]. [*Id.* at 295-296.]

The without-prejudice dismissal of Dr. Vasquez entered by the circuit court was not a adjudication on the merits. Thus, it did not bar an action against Dr. Vasquez's principals. The circuit court erred by affording its "without prejudice" dismissal order preclusive effect.

Accordingly, we reverse and remand for proceedings consistent with this opinion. We do not retain jurisdiction. Having prevailed in full, Grimmer may tax costs pursuant to MCR 7.219.

/s/ Douglas B. Shapiro
/s/ Elizabeth L. Gleicher
/s/ Amy Ronayne Krause

---

Following that hearing, the defendant physician moved for, and was granted, dismissal with prejudice. *Id.* at 295.